IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                          BANKRUPTCY NO. 17-10240(REF)
DANIEL T. MCGIRR

      Debtor                                 :   CHAPTER 13

STIPULATION RESOLVING ALLY FINANCIAL INC.'S
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

    THIS MATTER having been brought before the Court on a Motion for Relief from the Automatic Stay by Lavin, O'Neil, Cedrone & DiSipio, attorneys for Ally Financial Inc. ("Ally") and Stephen J. Palopoli, III, Esquire attorney for Debtor, Daniel T. McGirr having consented to the entry of the within Order, and for good cause shown;

    AND NOW COMES Ally, by and through their counsel, and state as follows:

    (a)    Daniel T. McGirr (the "Debtor") and non-filing party Kimberly McGirr (the "Non-Filing Party") financed the purchase of a 2014 Mazda Mazda 2, VIN: JM1DE1LY3E0174842 (the "Vehicle") pursuant to the terms of a Retail Installment Sale Contract dated December 9, 2016 (the "Contract) which has been assigned to Ally.

    (b)    Pursuant to the Contract, Ally maintains a perfected security interest in and to: (a) the Vehicle; (b) accessories, equipment and replacement parts installed in the Vehicle; and (c) service contracts on the Vehicle.

    (c)    The Debtor and non-filing party desire to retain possession of the Vehicle and provide adequate protection for Ally's interest in the Vehicle.

    NOW THEREFORE, in consideration of the above, Ally, the Debtor and non-filing party STIPULATE AND AGREE as follows:

1. The Debtor and Non-Filing Party are $2,067.31 in arrears through and including the May 9, 2018 due payment. The Debtor and Non-Filing Party acknowledge their account is in arrears in the amount of $2,067.31 through and including the May 9, 2018 due payment.

2. The Debtor and/or Non-Filing Party shall cure the arrears in the amount of $2,067.31 over six (6) months by paying an additional payment of $344.55 along with the regular monthly payment in the amount of $206.73 for a total of $551.28 beginning with the June 9, 2018 due payment and continuing through and including the November 9, 2018 due payment. Said payments shall be made payable to Ally Financial Inc. in certified funds or money order. Said payment shall be forwarded to: Ally Financial Inc., Payment Processing Center, P.O. Box 78367, Phoenix, AZ 85062-8367.

3. The Debtor and/or Non-Filing Party shall make the June 9, 2018 contract payment and cure payment and all future contract payments on time. Said payment shall be forwarded to: Ally Financial Inc., Payment Processing Center, P.O. Box 78367, Phoenix, AZ 85062-8367.

4. Ally is awarded counsel fees and costs in the amount of $500.00 to cover the costs of filing the motion. Counsel fees shall be paid through the Chapter 13 Plan and the Trustee shall pay them directly to Ally Financial Inc., Payment Processing Center, P.O. Box 78367, Phoenix, AZ 85062-8367.

5. Claimant shall file an amended Proof of Claim including the attorney fees as stated above. Thereafter, Debtor shall amend his plan to include this amount.

6. All payments shall be made payable to Ally and include Debtor's account number.

7. The Debtor hereby agrees to maintain insurance coverage in such types and amounts as are required by the Contract until such time as all amounts due Ally under the Contract are paid in full.

8. Debtor shall resume making regular monthly payments in the amount of $206.73 commencing with the payment due December 9, 2018.

9. If Debtor fails to comply with any of the stipulated terms herein, or if Debtor fails to make payments within fifteen (15) days of due date, Ally Financial Inc. shall be granted immediate relief from the automatic stay imposed by 11 U.S.C. §362 with respect to the Vehicle as to the Debtor and Ally Financial Inc. shall also be granted relief from the co-debtor stay imposed by 11 U.S.C. §1301(c) without further application to the court.

10. If for any reason Debtor(s)' case is closed, terminated, dismissed or converted, the parties hereto agree and acknowledge that the terms of this agreed/stipulated order will be null and void and the parties are returned to the status quo with their respective rights under state law and the Contract.

11. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

12. The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED: _____

_____
STEPHEN J. PALOPOLI, III, ESQUIRE
Attorney for the Debtor

*Kimberly McGirr*
Kimberly McGirr, Co-Debtor

CONSENTED TO BY:

DATED: 5/30/18

_____
REGINA COHEN, ESQUIRE
Attorneys for Ally Financial Inc.

CONSENTED TO BY:

DATED: 6/18/18

_____
FREDERICK L. REIGLE
Chapter 13 Trustee

SO ORDERED:

ENTERED ON: _____

**Date: June 25, 2018**

_____
RICHARD E. FEHLING
United States Bankruptcy Judge

4